IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| EUGENE MILLER, JR., on behalf of himself and all others similarly situated, | ) ) ) | | |
| Plaintiffs, | ) ) | Case No. | FILED: APRIL 22, 2008 08cv2300 LCW |
| v. | ) ) | | JUDGE ZAGEL MAGISTRATE JUDGE SCHENKIER |
| LENDING TREE, LLC a North Carolina Limited Liability Corporation, | ) ) ) ) | Judge: | |
| Defendant. | ) ) | Mag. Judge: | |

### CLASS ACTION COMPLAINT

NOW COMES Eugene Miller, Jr., (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, LARRY D. DRURY, LTD., and complains of Lending Tree, LLC, (hereinafter "Defendant"), as follows:

### INTRODUCTION

1. This is a consumer class action lawsuit brought on behalf of Plaintiff, individually, and on behalf of all persons throughout the United States whose consumer credit reports, personal information, and financial information were intentionally and illegally distributed by a representatives and/or agents of the Defendant in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et. seq. ("FCRA") because Defendant deliberately and/or recklessly did not maintain reasonable procedures designed to limit the furnishing of such information for the permissible purposes outlined under FCRA. Defendant's actions constitute violations of FCRA, as well as common law negligence, breach of contract, and invasion of privacy..

## PARTIES & JURISDICTION

2. Plaintiff, Eugene Miller, Jr., is an individual and a resident of Illinois.

3. Defendant, Lending Tree, LLC, is a subsidiary of Interactive Corp (IAC), a New York corporation. Defendant is a North Carolina corporation and its headquarters are located in Charlotte, NC. Defendant provides financial information services throughout the United States, including engaging in the practice of assembling or evaluating consumer credit information on consumers for the purpose of furnishing Consumer Reports to third parties.

4. This Court has jurisdiction over the federal claim herein pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over the state law claims herein under 28 U.S.C. §1367. Further, this Court also has subject matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. §1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the acts giving rise to Plaintiff's claims, such as the transactions by which Defendant became privy to Plaintiff's consumer credit reports, personal information, and financial information occurred in this District.

## GENERAL ALLEGATIONS

6. Defendant is a financial information company doing business in the United States.

7. Defendant obtains a consumer's most confidential information, including name, social security number, income, employment information, phone number, etc., and provides

same to its network of lenders, wholesale mortgage banks, and investors to facilitate consumer's mortgage and/or loan application. Plaintiff submitted a mortgage application to Defendant, via its website, on or about July 25, 2007.

8. On April 21, 2008 Defendant publicly announced that several of its employees provided unauthorized access to its loan request forms to a handful of mortgage lenders without the consent of the Plaintiff and Class members. Defendant's employees assisted unauthorized lenders to obtain said forms by providing them with confidential passwords.

9. These passwords allowed the unauthorized lenders to access Defendant's customer loan request forms which are normally available only to Defendant-approved lenders. Defendant has admitted that, based on its investigation, the unauthorized lenders did make use of the passwords and did access, without authority, Defendant's loan request forms. These forms contained Plaintiff's and the Class members' name, address, email address, telephone number, Social Security number, income and employment information.

10. Defendant stated in its letter of April 21, 2008 that the unauthorized lenders accessed its loan request forms "between October 2006 and early 2008".

11. Defendant further stated that it had notified the authorities and had filed lawsuits against its employees and/or agents involved in the breach.

12. Despite having taken the time to notify authorities and file lawsuits on its own behalf, Defendant failed to notify Plaintiff and the Class members until April 21, 2008.

13. Plaintiff's and the Class' private, nonpublic personal and financial information has been improperly and illegally sold and/or disclosed to a third party by an agent and/or agents of Defendant.

15. Plaintiff at no time agreed to allow Defendant to disseminate his Consumer Report and financial information to any unauthorized lender or unauthorized third-party.

16. Plaintiff at no time authorized an employee of Defendant to access his private credit and financial information to sell, broker or otherwise disseminate his financial information and Consumer Report to unauthorized third parties.

## CLASS ACTION ALLEGATIONS

17. This action is brought on behalf of Plaintiff, individually and as a class action, on behalf of all persons or entities whose Consumer Reports, personal information, and/or financial information were sold by Defendant and/or Defendant's employees as part of an impermissible dissemination to unauthorized lenders without the consent of consumers and/or without a permissible purpose under FCRA. The Class does not include Defendants, or their officers, directors, agents, or employees[1].

18. On information and belief, the Class is comprised of tens of millions of consumers, making the joinder of such cases impracticable. Disposition of the claims in a class action will provide substantial benefits to both the parties and the Court.

19. The rights of each member of the Class were violated in a similar fashion based upon Defendant's uniform actions.

20. Questions of law and fact common to the Class predominate over questions that may affect individual Class members, including the following:

    a. Whether Defendant's employees sold, disseminated or otherwise provided access to Plaintiff's and the Class Members' Consumer Reports, personal information,

---

[1] Plaintiff specifically reserves the right to amend or change the definition or scope of the alleged Plaintiff class as set forth herein, and further reserves the right to add or delete classes or subclasses, depending upon the development of facts and the state of the law at the time Plaintiff brings his motion to certify a class or classes.

and/or financial information within the meaning of 15 U.S.C. §1681a(d)(1) without Plaintiff's and the Class members' authorization;

b. Whether Defendant or its agents had a permissible purpose under FCRA to sell, disseminate or otherwise provide access to Plaintiff's and the Class members' Consumer Reports, personal information, and/or financial information within the meaning of 15 U.S.C. §1681a(d)(1);

c. Whether Defendant is a consumer reporting agency as defined by 15 U.S.C. §1681a(f);

d. Whether Defendant violated the FCRA by failing to properly maintain reasonable procedures designed to limit the furnishing of Consumer Reports, personal information and/or financial information to the permissible purposes outlined under FCRA;

e. Whether Defendant violated FCRA when it allowed its employees access to Plaintiff and the Class Members' consumer reports, personal information, and/or financial information;

f. Whether Defendant violated FCRA when its employee sold, disseminated or otherwise provided access to Consumer Reports, personal information and/or financial information to unauthorized third parties in violation of FCRA;

g. Whether the Defendant's conduct was intentional;

h. Whether the Defendant's conduct was reckless;

i. Whether Defendant was negligent in collecting and storing personal and financial information of its clients;

j. Whether Defendant took reasonable steps and measures to safeguard the personal

         and financial information of itsclients;

k.     Whether Defendant owed a duty to Plaintiff and/or the Class to protect the personal and financial information of its clients;

l.     Whether Defendant breached its duty to exercise reasonable care in storing its clients' personal and financial information by storing that information on its computer systems in their physical possession;

m.     Whether Defendant breached a duty by failing to keep Plaintiff's and the Class members' personal and financial information secure;

n.     Whether Defendant was negligent in failing to keep Plaintiff's and the Class members' personal and financial information secure;

o.     Whether Plaintiff and the Class members have sustained damages, and if so, what is the proper measure of those damages; and

p.     Whether statutory damages are proper in this matter.

21.     Plaintiff will fairly and adequately represent and protect the interests of the Class in that they have no interest that is antagonistic to or that irreconcilably conflicts with those of other members of the Class.

22.     Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

23.     A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiff's and the Class Members' claims. Plaintiff and the members of the Class have suffered irreparable harm as a result of Defendant's deceptive, negligent, and unlawful conduct.

24.     Certification of a class action to resolve these disputes will reduce the possibility of

repetitious litigation involving, potentially, millions of class members. Further, certification is appropriate under Federal Rule of Civil Procedure 23(a) and also under Federal Rules of Civil 23(b)(1), 23(b)(2) and/or 23(b)(3).

## COUNT I

## INTENTIONAL VIOLATION OF THE FAIR CREDIT REPORTING ACT

(1)-(24)   Plaintiff re-alleges paragraphs 1 through 24 of this Complaint as if fully set forth herein in this Count I.

25. The Fair Credit Reporting Act ("FCRA") was created to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utlization of such information. *See* 15 U.S.C. §1681 *et. seq.*

26. Under FCRA, a "consumer report" means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. §1681(b), 15 U.S.C. §1681a(d)(1).

27. Under FCRA, a "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on

consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

28. Plaintiff and other Class Members are "consumers" or "persons" as defined and construed under FCRA (15 U.S.C. §1681a(b) & (c)).

29. Defendant is a Consumer Reporting Agency as defined under FCRA because it, for monetary fees, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and uses interstate commerce for the purpose of preparing or furnishing consumer reports.

30. The consumer information sold, disseminated, or otherwise provided access to by Defendant's employees amounted to Consumer Reports as defined under the FCRA.

31. As a Consumer Reporting Agency, Defendant is required to maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlines under FCRA. *See* 15 U.S.C. §1681e.

32. In conscious disregard for the rights of Plaintiff and the class, Defendant deliberately and/or recklessly did not maintain reasonable procedures designed to limit the furnishing of Consumer Reports, personal and/or financial information to the permissible purposes outlined under FCRA, specifically 15 U.S.C. §1681e.

33. As enumerated above, the Defendant's reckless conduct allowed its employees to obtain the subject Consumer Reports, personal and/or financial information of the Plaintiff and class and sell, disseminate, or otherwise provide access to unauthorized third parties without the consent of Plaintiff or Class members, and for no permissible purpose under

FCRA.

34. Further, Defendant is responsible for its employee's actions as an agent of the Defendant.

35. Defendant's conduct violated the FCRA and Plaintiff and the Class members have been damaged by Defendant's reckless actions. At all times material, Defendant had full knowledge of its employee's conduct.

36. As a result of Defendant's conduct Plaintiff is entitled to actual damages sustained or statutory damages of not less than $100 and not more than $1,000, as well as the costs and attorney's fees in bringing this action. 15 U.S.C. §1681n.

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order:

[a] Certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as class counsel;

[b] Finding that Defendant purposefully and/or recklessly violated the FCRA due to its failure to maintain reasonable procedures designed to limit the furnishing of reports to the permissible purposes outlined under FCRA;

[c] Finding that Defendant is responsible for its employees' actions as an agent of the Defendant;

[d] Requiring that Defendant pay actual damages sustained or statutory damages of not less than $100 and not more than $1,000;

[e] Enjoining Defendant from action which places consumers at a risk of future security breaches;

[f] Requiring Defendant to pay Plaintiff and Class Members reasonable attorney's fees and costs of litigation; and

[g]     Providing for the other legal and/or equitable relief as justice requires.

## COUNT II

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

(1)-(24)    Plaintiff re-alleges paragraphs 1 through 24 of this Complaint as if fully set forth herein in this Count II.

37.   The Fair Credit Reporting Act ("FCRA") was created to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utlization of such information. *See* 15 U.S.C. §1681 *et. seq.*

38.   Under FCRA, a "consumer report" means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. §1681(b), 15 U.S.C. §1681a(d)(1).

39.   Under FCRA, a "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses

any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

40. Plaintiff and other Class Members are "consumers" or "persons" as defined and construed under FCRA (15 U.S.C. §1681a(b) & ©)).

41. Defendant is a Consumer Reporting Agency as defined under FCRA because it, for monetary fees, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and uses interstate commerce for the purpose of preparing or furnishing consumer reports.

42. The consumer information sold by Defendant's employee amounted to Consumer Reports as defined under the FCRA.

43. As a Consumer Reporting Agency, Defendant is required to maintain reasonable procedures designed to limit the furnishing of Consumer Reports to the permissible purposes outlines under FCRA. *See* 15 U.S.C. §1681e.

44. Defendant was negligent in failing to maintain reasonable procedures to protect Plaintiff and the Class members' Consumer Reports, personal and/or financial information.

45. As enumerated above, the Defendant's negligent conduct allowed its employees to obtain the subject Consumer Reports, personal and/or financial information of the Plaintiff and class and sell them to third parties without the consent of Plaintiff or Class members, and for no permissible purpose under FCRA.

46. Further, Defendant is responsible for its employee's actions as an agent of the Defendant.

47. Defendant's conduct violated the FCRA and Plaintiff and the Class members have been damaged by Defendant's negligent actions.

48. As a result of Defendant's negligent conduct Plaintiff is entitled to actual damages sustained or statutory damages of not less than $100 and not more than $1,000, as well as the costs and attorney's fees in bringing this action. 15 U.S.C. §1681n.

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order:

[a]   Certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as class counsel;

[b]   Finding that Defendant negligently violated the FCRA due to its failure to maintain reasonable procedures designed to limit the furnishing of reports to the permissible purposes outlined under FCRA;

[c]   Finding that Defendant is responsible for its employee's actions as an agent of the Defendant;

[d]   Requiring that Defendant pay actual damages sustained or statutory damages of not less than $100 and not more than $1,000;

[e]   Enjoining Defendant from action which places consumers at a risk of future security breaches;

[f]   Requiring Defendant to pay Plaintiff and Class Members reasonable attorney's fees and costs of litigation; and

[g]   Providing for the other legal and/or equitable relief as justice requires.

## COUNT III

## NEGLIGENCE

(1)-(24)   Plaintiff re-alleges paragraphs 1 through 24 of this Complaint as if fully set forth

        herein in this Count III.

49. Defendant came into possession of Plaintiff's and the Class' private, non-public personal and financial information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised and/or stolen.

50. Defendant had a duty to timely disclose the fact that Plaintiff's and the Class' private, non-public personal and financial information within its possession had been, or was reasonably believed to have been, compromised.

51. Defendant had a duty to protect Plaintiff's private, non-public personal and financial information within its possession.

52. Defendant had a duty to hire and supervise trustworthy employees as well as to have procedures in place to detect and prevent dissemination of Plaintiff's and the Class' private and financial information by its employees. This breach of security and unauthorized access was reasonably foreseeable to Defendant.

53. Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and the Class by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and the Class' private, non-public, financial and personal information within its possession.

54. Defendant through its actions and/or omissions breached its duty to Plaintiff and the Class by failing to hire and supervise trustworthy employees as well as to have procedures in place to detect and prevent dissemination of Plaintiff's private information by its employees. Defendant is responsible for its employees' actions as agents of the Defendant.

55. Defendant through its actions and/or omissions breached its duty to timely disclose the

fact that Plaintiff's and the Class' private, non-public personal and financial information within its possession had been, or was reasonable believed to have been, compromised.

56. But for Defendant's negligent and wrongful breach of its duties owed to Plaintiff and the Class, Plaintiff's and the Class' private, non-public personal and financial information would not have been compromised.

57. Plaintiff's and the Class' private, non-public personal and financial information was compromised, viewed, and/or stolen as the proximate result of Defendant failing to exercise reasonable care in safeguarding such information by adopting, implementing, or maintaining appropriate security measures to protect and safeguard the Plaintiff's and the Class' private, non-public personal and financial information within its possession.

58. Plaintiff and the Class suffered actual damages including, but not limited to, expenses for credit monitoring, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order:

[a] Certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as class counsel;

[b] Finding that Defendant was negligent in protecting Plaintiff's and the Class' private personal and financial information stored on their computer systems and in their physical possession;

[c] Requiring Defendant to provide monies required to monitor Plaintiff's and the Class' financial accounts as well as to compensate anyone who suffers damage as a result of the unauthorized release of their private information;

[d]  Finding that Defendant is responsible for its employee's actions as an agent of the Defendant;

[e]  Enjoining Defendant from action which places consumers at a risk of future security breaches;

[f]  Awarding damages to Plaintiff and the Class under the common law theory alleged;

[g]  Requiring Defendant to pay Plaintiff and Class Members reasonable attorney's fees and costs of litigation; and

[h]  Providing for the other legal and/or equitable relief as justice requires.

## COUNT IV

## BREACH OF IMPLIED CONTRACT

(1)-(24)  Plaintiff re-alleges paragraphs 1 through 24 of this Complaint as if fully set forth herein in this Count IV.

59.  Defendant came into possession of Plaintiff's and the Class' private, non-public, personal and financial information and had an implied contract to protect such information with Plaintiff and the Class, via Plaintiff's and the Class' financial institution's privacy notices.

60.  The implied contract required Defendant to not disclose the Plaintiff's and the Class' private, non-public personal information to unauthorized third party entities, and to safeguard and protect the information from being compromised and/or stolen.

61.  Defendant did not safeguard and protect Plaintiff's and the Class' private, non-public personal and financial information from being compromised and/or stolen. Indeed, Defendant disclosed this information to unauthorized lenders.

62. Because Defendant disclosed Plaintiff's and the Class' private, non-public personal information and failed to safeguard and protect Plaintiff and the Class' private, non-public personal and financial information from being compromised and/or stolen, Defendant breached its contract with Plaintiff and the Class.

63. Plaintiff and the Class suffered and will continue to suffer actual damages, including but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order:

[a] Certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as class counsel;

[b] Finding that Defendant breached its contract to safeguard and protect Plaintiff's and the Class' private personal and financial information stored on their computer systems and in their physical possession;

[c] Requiring Defendant to provide monies required to monitor Plaintiff's and the Class' financial accounts as well as to compensate anyone who suffers damage as a result of the unauthorized release of their private information;

[d] Finding that Defendant is responsible for its employee's actions as an agent of the Defendant;

[e] Enjoining Defendant from action which places consumers at a risk of future security breaches;

[f] Awarding damages to Plaintiff and the Class under the common law theory alleged;

[g] Requiring Defendant to pay Plaintiff and Class Members reasonable attorney's fees and costs of litigation; and

[h] Providing for the other legal and/or equitable relief as justice requires.

## COUNT V

## INVASION OF PRIVACY AND

## MISAPPROPRIATION OF CONFIDENTIAL INFORMATION

(1)-(24) Plaintiff re-alleges paragraphs 1 through 24 of this Complaint as if fully set forth herein in this Count V.

64. Plaintiff and the Class have a legally protected privacy interest in their confidential credit, financial and other personal information and a reasonable expectation of privacy in such information. This right of privacy includes the right not to have someone else profit by the misappropriation and sale or dissemination of such confidential personal and financial information.

65. As alleged herein, Defendant's employees made an unauthorized intrusion into Plaintiff's and the Class' privacy by accessing, disclosing and selling the private financial, credit and other confidential information of Plaintiff and the Class without such persons' knowledge, authorization or consent. This unauthorized disclosure and/or sale of such private facts and information is one that is highly offensive or objectionable to a reasonable person of ordinary sensibilities. Moreover, the disclosure of such private facts and information, as alleged herein, does not include information which is of a legitimate public concern.

66. Defendant's employees violated the rights of privacy of Plaintiff and the Class by misappropriating and disclosing and selling their private and confidential information,

and other information, without their consent. The Plaintiff's and the Class' names and private and confidential financial and other information have value, and Defendant's employee's unlawful use, disclosure and sale of that information, was made for their own benefit.

67. As a result of the unlawful conduct, as alleged herein, the privacy rights of Plaintiff and the Class have been violated, and Plaintiff and the Class have been harmed as a result thereof.

68. Plaintiff and the Class suffered and will continue to suffer actual damages, including but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order:

[a] Certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as class counsel;

[b] Finding that Defendant invaded the privacy of, and misappropriated confidential information of, Plaintiff and the Class wherein Plaintiff's and the Class' private personal and financial information was unlawfully accessed, disclosed, and/or sold;

[c] Requiring Defendant to provide monies required to monitor Plaintiff's and the Class' financial accounts as well as to compensate anyone who suffers damage as a result of the unauthorized release of their private information;

[d] Finding that Defendant is responsible for its employee's actions as an agent of the Defendant;

[e]   Enjoining Defendant from action which places consumers at a risk of future security breaches;

[f]   Awarding damages to Plaintiff and the Class under the common law theory alleged;

[g]   Requiring Defendant to pay Plaintiff and Class Members reasonable attorney's fees and costs of litigation; and

[h]   Providing for the other legal and/or equitable relief as justice requires.

Dated:   April 22, 2008

Eugene Miller, Jr., on behalf of himself and all others similarly situated,

By:   s/Larry D. Drury

LARRY D. DRURY
JAMES R. ROWE
LARRY D. DRURY, LTD.
205 W. RANDOLPH, SUITE 1430
CHICAGO, ILLINOIS 60606
312.346.7950
ARDC# 0681024